11-1202-cv
Latimore v. NBC Universal Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  AMALYA L. KEARSE,
  JOSEPH M. McLAUGHLIN,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

SONYA WHITTEN LATIMORE,
  <u>Plaintiff-Appellant</u>,

  -v.-            11-1202-cv

NBC UNIVERSAL TELEVISION STUDIO, 3 BALL PRODUCTIONS, INC., 25/7 PRODUCTIONS, LLP, A DELAWARE LIMITED LIABILITY COMPANY, TWENTIETH TELEVISION, INC., A DELAWARE CORPORATION, SHINE LIMITED, AN ENTITY OF UNKNOWN ORIGIN, DANIEL TIBBETS, AN INDIVIDUAL, ANDREW HILL, AN INDIVIDUAL, BEN SILVERMAN, AN INDIVIDUAL,
  <u>Defendants</u>,

**and**

**NBC UNIVERSAL INC., REVEILLE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, KIM FULLER, INDIVIDUALLY AND AS PARTNER OF MCCREARY & FULLER PUBLIC RELATIONS CORP., DOES, 1 THROUGH 50, INCLUSIVE,**
          **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - - - -

**FOR APPELLANT:**                    Joseph Boswell Barrett, Barrett & Winn, Amityville, NY.

**FOR APPELLEES:**                    Alan Robert Friedman (Joel Robert Weiner, Katten Muchin Rosenman LLP, Los Angeles CA, <u>on the brief</u>), Katten Muchin Rosenman LLP, New York, NY, <u>for</u> appellees NBC Universal Inc. and Reveille, LLC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Sonya Whitten Latimore appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>), granting defendants' motion for summary judgment and denying her cross-motion to conduct additional discovery. Latimore's amended complaint alleges that the NBC reality program called *The Biggest Loser* infringes on her copyrighted treatment for a television show entitled *Phat Farm*. The district court concluded that *The Biggest Loser* was not substantially similar to Latimore's idea and that Latimore had failed to uncover any evidence that the creators of the show had access to Latimore's proposal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After conducting a <u>de novo</u> review of the district court's summary judgment ruling, we affirm.  In the absence of direct evidence of copying, a plaintiff can circumstantially prove that a defendant copied her work by showing both the defendant's "access to the copyrighted work" and the "substantial similarity of protectible material in the two works."  <u>Williams v. Chrichton</u>, 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted). "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same."  <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 111 (2d Cir. 2001) (internal quotation marks and alterations omitted).  In a case such as this, where the copyrighted work necessarily has both protected and unprotected elements, a court applies a more discerning analysis, in which it "must attempt to extract the unprotectible elements from [] consideration and ask whether the protectible elements, standing alone, are substantially similar."  <u>Knitwaves, Inc. v. Lollytogs Ltd.</u>, 71 F.3d 996, 1002 (2d Cir. 1995) (emphasis omitted).  After undertaking "a detailed examination of the works themselves," <u>Williams</u>, 84 F.3d at 583 (internal quotation marks omitted), the district court properly found that *The Biggest Loser* is not substantially similar to Latimore's idea.  Although both ideas take advantage of staples of reality television such as team-based competition, elimination, and communal living, the way in which *The Biggest Loser* combines and supplements these common elements results in a concept and overall feel that is entirely different than Latimore's proposal.

As an independent basis for affirming, we agree with the district court that, after protracted discovery, Latimore utterly failed to uncover evidence that the creators of *The Biggest Loser* ever had access to her proposal, or heard of it.

Finally, the district court did not abuse its discretion in denying Latimore's cross-motion for additional discovery under Federal Rule of Civil Procedure 56(d). Latimore had more than enough time to conduct discovery, and she did not demonstrate that further discovery would likely uncover any evidence of access or assist her in showing substantial similarity.

3

Finding no merit in Latimore's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK