12-1385-cv
Latimore v. NBC Universal Inc., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                    **Chief Judge**,
                    ROSEMARY S. POOLER,
                    DENNY CHIN,
                                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

SONYA WHITTEN LATIMORE,
        **Plaintiff-Appellant**,

        -v.-                                    12-1385-cv

NBC UNIVERSAL INC., REVEILLE, LLC, A
DELAWARE LIMITED LIABILITY COMPANY,
KIM FULLER, INDIVIDUALLY AND AS A
PARTNER OF MCCREARY & FULLER PUBLIC
RELATIONS CORPORATION,
        **Defendants-Appellees**,

and

DOES, 1 THROUGH 50, INCLUSIVE, ANDREW
HILL, AN INDIVIDUAL, SHINE LIMITED,

1

**AN ENTITY OF UNKNOWN ORIGIN, TWENTIETH TELEVISION, INC., A DELAWARE CORPORATION, DANIEL TIBBETS, AN INDIVIDUAL, 25/7 PRODUCTIONS, LLP, A DELAWARE LIMITED LIABILITY COMPANY, BEN SILVERMAN, AN INDIVIDUAL, 3 BALL PRODUCTIONS, INC., NBC UNIVERSAL TELEVISION STUDIO,**
         <u>**Defendants**</u>.


- - - - - - - - - - - - - - - - - - - - -

**FOR APPELLANT:**          B. Joseph Barrett, Barrett & Winn, Esqs., Amityville, NY.

**FOR APPELLEES:**          Alan Robert Friedman (Joel R. Weiner, Katten Muchin Rosenman LLP, Los Angeles CA, <u>on the brief</u>), Katten Muchin Rosenman LLP, New York, NY <u>for</u> appellees NBC Universal Inc. and Reveille, LLC.

     Appeal from a order of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Sonya Whitten Latimore appeals from a order of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>), denying her Rule 60(b) motion to vacate the court's judgment dismissing her complaint.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     Latimore argues for vacatur on the basis of Rule 60(b), subsections (2), (3), and (6).  Motions under subsections (2) and (3) fail if the proffered evidence is irrelevant to the ultimate outcome.  <u>See, e.g.</u>, <u>United States v. Int'l Bhd. of Teamsters</u>, 247 F.3d 370, 392-95 (2d Cir. 2001) (subsection (2)); <u>Fleming v. N.Y. Univ.</u>, 865 F.2d 478, 485 (2d Cir. 1989) (subsection (3)).

2

Latimore's allegedly new evidence could not possibly alter the outcome of the case. In the absence of direct evidence of copying, a copyright infringement plaintiff must show "(a) that the defendant had access to the copyrighted work *and* (b) the substantial similarity of protectible material in the two works." Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (quotation omitted and emphasis added). Thus, in the underlying merits case, Latimore had to establish that (a) NBC had access to her Phat Farm treatment, *and* (b) there was substantial similarity between her Phat Farm treatment and The Biggest Loser production. This Court previously concluded that she failed to establish *either* of those elements. See Latimore v. NBC Universal Television Studio, 480 Fed. Appx. 649, 650 (2d Cir. May 23, 2012). The "new" evidence that Latimore presents in this appeal pertains only to access and has no bearing on substantial similarity.

Latimore offers only the weakest of responses to this defect. Citing no case law, she argues that "[s]ubstantial [s]imilarity is a question for the jury." But "[t]he question of substantial similarity is by no means exclusively reserved for resolution by a jury." See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010). She also argues that the allegedly tainted evidence on the issue of access biased the district court against her on the entirely separate question of substantial similarity. She fails to appreciate that *this Court* (i.e., not the district court) already reviewed the similarity of the works de novo, finding none. See Latimore, 480 Fed. Appx. at 651 ("Although both ideas take advantage of staples of reality television such as team-based competition, elimination, and communal living, the way in which The Biggest Loser combines and supplements these common elements results in a concept and overall feel that is entirely different than Latimore's proposal.").

Finally, a "Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (citation omitted). Latimore's Rule 60(b)(6) motion is merely duplicative of her claims under subsections (2) and (3) and must therefore be dismissed for the same reasons.

Finding no merit in Latimore's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK